**CUDDY LAW FIRM, PLLC**
**SPECIAL EDUCATION AND SPECIAL NEEDS PLANNING ATTORNEYS**

ANDREW CUDDY
MANAGING ATTORNEY

May 4, 2022

BENJAMIN KOPP
ASSOCIATE ATTORNEY
BKOPP@CUDDYLAWFIRM.COM
DIRECT DIAL 315-207-5584

Hon. Paul G. Gardephe
40 Foley Square, Room 2204
New York, NY 10007

Case:   *R.M., on behalf of A.G.1 and A.G.2., children with disabilities v. New York City Department of Education*, Case No. 1:21-cv-11210

Dear Hon. Gardephe:

I am the attorney assigned at Cuddy Law Firm, P.L.L.C., to represent Plaintiff in the above matter. Given recent events at the administrative level, Plaintiff respectfully requests an adjournment *sine die* of the Initial Pretrial Conference currently scheduled for May 12, 2022, with a joint status letter to be due in thirty days, by June 11, 2022. I have addressed this request with opposing counsel on April 11, 2022, April 27, 2022, and May 3, 2022; and have been informed that her client has reached a position just this evening, discussed below.

This action concerns a family's perennial administrative due process hearings under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415, including for A.G.1 (Case Nos. 184469 [consolidated with 194939] and 222114) and A.G.2 (Case Nos. 184484, 194927, and 222115). The Complaint alleges, *inter alia*, prevailing party status as to Case Nos. 184469/194939, 184484, and 194927, the need for enforcement of some of the directives in the final orders from those cases, and the non-appointment of Impartial Hearing Officers ("IHOs") for Case Nos. 222114 and 222115. As to the two pending cases, Plaintiff has sought the Court's jurisdiction for futility of the administrative remedy in the absence of any IHO, and for the Court to award the relief requested in those hearings together with prevailing party fees.

On April 11, 2022, Defendant appointed IHOs to preside over Case Nos. 222114 and 222115. During the course of my above-noted attempts to obtain Defendant's position on this request, each IHO scheduled a May 2022 hearing. A.G.1's IHO has informed the parties that witnesses will not be heard on the first day; but A.G.2's IHO has cautioned that the parties should be prepared for a full hearing. The undersigned has previously appeared before each of these IHOs in other matters—in addition to having litigated A.G.1 and A.G.2's prior hearings—and anticipate diligent issuance of decisions in Case Nos. 222114 and 222115, which would clearly alter the nature of Plaintiff's requests in this action. The requested joint status letter would address the date(s) and, if possible, outcomes of any subsequent proceedings.

Odd to Plaintiff, Defendant has withheld consent to stay this action while counter-proposing an adjournment of the May 12, 2022 conference "to allow the parties time to sort out the two recent [due process complaints] and to work to resolve the implementation claims and fees pertaining to the remaining administrative cases." While opposing counsel did not have a status to

provide about implementation of the prior decisions and has stated that Defendant's reasoning is to have Plaintiff withdraw and re-commence as to Case Nos. 222114 and 222115; however, Defendant's proposal would create unnecessary additional work for both of the parties and the Court and, given the resetting of deadlines under a new action, unfairly permit Defendant to delay providing any relief awarded in Case Nos. 222114 and 222115.

If Defendant wishes to resolve these matters in good faith without the Court's intervention, the appropriate course—absent a global Stipulation and Order to govern all of these issues—is to promptly implement the current final decisions while the parties wait for the two pending decisions (which Defendant should then be ready to immediately implement) and then resolve fees on these related matters altogether.

Thank you for your consideration of this matter.

Respectfully,

s/Benjamin M. Kopp
Benjamin M. Kopp

**Memo Endorsed:** The conference currently scheduled for May 12, 2022 is adjourned to Thursday, June 16, 2022 at 11:15 a.m. By June 9, 2022, the parties will submit a joint letter apprising the Court of the status of the pending administrative cases.
Dated: May 6, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge